Nash, J.
 

 In the Act of ’77 Ch. 121, the Legislature declare, for what trespasses committed by the stock of one man upon the enclosed grounds of another, the latter shall be entitled to compensation in damages, and how they shall be ascertained. The 2nd Sec. declares, what shall be a sufficient fence in law, to give the owner a right of complaint, for being trespassed on ; and the 3rd directs, that upon complaint made to a magistrate, he shall cause two freeholders to be summoned, who, together with himself, shall view the fence of the person complaining, where the trespass is alleged to have been committed, and ascertain whether it is such as the law requires, and if it is, what damage he has sustained, and certify the same under their hands and seals. The damages, so assessed, are made recoverable before any tribunal having cognizance of them. The 4th See. makes
 
 *98
 
 provision for tbe recovery of damages by the owner, for injury committed to it, and directs the same proceedings, as in the 3rd Sec. It is under this section, that these proceedings have been instituted. This Act gave no appeal to either party. The report made by the magistrate and the two freeholders, was conclusive.
 
 Nelson
 
 v.
 
 Stewart, 2
 
 Mur. 298. The oppression and injustice, which might be effected under a proceeding so contrary to the principles of the common law, came under the consideration of the Legislature at its session in 1831.
 
 Ch.
 
 2,
 
 Sec.
 
 2, 3. This Act changed the mode of obtaining judgment for the damages assessed by the magistrate and freeholders, and authorised the magistrate to give a judgment forthwith, if the damages were not immediately paid. It also removed the objectionable feature of the old law, by giving the right of appeal to either party. And it directs that when the case is carried into the County Court, the trial shall
 
 be in all respects de novo;
 
 the parties are permitted to plead, and issues are to be made up, as in cases of actions of trespass. This provision extends to injuries of both kinds. In either case, the cause in the appellate Court, becomes, as to all subsequent proceedings, a regular suit. The proceedings before the magistrate and the freeholders, then, answer no other purpose, than as the foundation of bringing the case into Court, and the Court could take no notice of any defect in the certificate of the magistrate, and the freeholders, because it is superseded by the appeal. This results from the special provisions of the Act of’31. But it does not follow, that the party considering himself aggrieved by the judgment of the magistrate, cannot have a revision of any errors in the proceedings before him. Two remedies are provided him, if any does exist in the proceedings out of Court. The party injured, may remove his case into the Superior Court, by a writ of false judgment, where the errors complained of may be rectified; or, if
 
 *99
 
 he wishes to place himself upon the merits of his cause, and to controvert the facts, he may demand a trial by a jury, in the way pointed out in the Act. If the defendant in this case had chosen the former course, there is little doubt, the proceedings would have been quashed, for the_ want of seals to the certificates of the magistrate and freeholders. Then, as to the alleged defect in the warrant, while it is admitted, that, in every case, the process, which stands in the place of a declaration, must show a case, substantially within the jurisdiction of the magistrate, yet we think the particular objection here made, cannot avail. It refers, exclusively, to the mode of designating the freeholders, and, therefore, if a good objection at all, is immaterial to the controversy in the present stage of it, since, as we have already shown, the proceedings of the freeholders, were vacated by the appeal. Consequently it is of no importance now, how they were summoned.
 

 We see no error in the interlocutory judgment appealed from.
 

 This opinion must be certified to the Superior Court of Granville County.
 

 Per Curiam. Ordered accordingly.